JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s conclusion and conclude that when the City of Great Falls rezoned a 12.9 acre area from “A” residence use to “C” residence use it engaged in classic spot zoning.
The majority opinion correctly sets forth the law regarding spot zoning. However, I disagree with its application of that law to the facts in this case.
For example, under the first criteria for spot zoning established in Little v. Board of County Commissioners of Flathead County (1981), 193 Mont. 334, 346, 631 P.2d 1282, 1289, the question is whether the proposed use is different than the prevailing use in the area. I conclude that the proposed condominium development was a significantly different use than the single-family residential use of the surrounding area. In an “A” residence district, only single-family dwellings are allowed. In a “C” residence district, apartment houses, multiple dwellings, and townhouses are allowed. Although, as the *137 majority points out, townhouses are permitted as a conditional use in “A” residential districts, conditional uses are not automatically granted. Conditional uses are permitted only after submission of a detailed application, and after all the procedures pertaining to a zone change, including a public hearing, have been complied with.
Single-family residential use is substantially different than multiple-unit housing. In an “A” residential district, homes, along with the property on which the homes are located, are individually owned. Each individual property owner is responsible and accountable for the maintenance of his or her own property. Ownership in a condominium unit, on the other hand, provides title to the dwelling unit, but no personal ownership of the land on which the unit is located. A condominium owner owns only a percentage interest in the common elements which include the land on which his or her dwelling unit is located. Individual unit owners have no personal control over maintenance of the real property on which they reside.
Furthermore, the population density of the area where this proposed condominium development is to be located will be twenty-nine percent higher than it would be if developed for single-family residential use. It logically follows that the traffic volume in the neighborhood can be expected to increase twenty-nine percent more following the development of the area for condominium use than it would following development of the area for single-family residential use.
Anyone who has ever lived in both a single-family residential area and a condominium development, or driven through the two different types of neighborhoods, knows that the character of each is entirely different from the other. In short, there is nothing similar about a condominium development and a single-family residential neighborhood. If the two types of neighborhoods were as similar as the City of Great Falls now contends, and as the majority now holds, then there would be no reason for the City of Great Falls to restrict condominium developments to class “C” residential areas, rather than simply allow any type of residential construction in a class “A” residential area.
For these reasons, I conclude that the proposed use of the land in question was significantly different from the prevailing use in the area and I disagree with the majority’s conclusion to the contrary.
In Little, we set forth the second and third factors to be considered as follows:
Second, the area in which the requested use is to apply is rather small. This test, however, is concerned more with the number of separate landowners benefited by the requested change than it is *138 with the actual size of the area benefited. Third, the requested change is more in the nature of special legislation. In other words, it is designed to benefit only one or a few landowners at the expense of the surrounding landowners or the general public.
Little, 193 Mont. at 346, 631 P.2d at 1289 (citations omitted; emphasis added).
The second test, as pointed out, is concerned with the number of separate landowners benefited by the requested change. In this case, only one landowner is benefited by the change. That is the owner who intends to develop the property for multiple-unit residential construction, and who will presumably profit more by developing it for that purpose, rather than single-family residential use.
For the same reason, the third Little factor is satisfied in this case. The developer of the condominium in the middle of a single-family residential neighborhood will profit by his development at the expense of those surrounding landowners who purchased and moved into their homes based on the assumption that the residential character of the neighborhood would remain as it was because of the zoning restrictions that were then in place.
In summary, I conclude that the proposed condominium development to which the appellants objected was significantly different from the prevailing use of their neighborhood, will benefit only the developer, and was in the nature of special interest legislation intended to benefit the developer at the expense of surrounding landowners and the public in general.
For these reasons, I dissent from the majority opinion. I would reverse the order of the District Court which granted summary judgment to the respondent and remand to the District Court with instructions to enter summary judgment in favor of the appellants.
JUSTICE HUNT joins in the foregoing dissenting opinion.